# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MANUEL SAINZ-OCHOA, | ) |
|           Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 12-3430-CV-S-RED-H |
| LINDA SANDERS,[1] | ) |
|           Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he appears to challenge his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that the petition be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner alleges that his medical issues were not properly addressed at his original sentencing by the United States District Court for the District of Kansas. He also raises issues regarding deportation. Petitioner asserts that he has pursued remedies pursuant to 28 U.S.C. § 2255.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate

---

[1] The name of the current warden at the Medical Center, Linda Sanders, has been substituted for that of the former warden, Juan D. Castillo.

or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam). Even if a specific claim was previously raised pursuant to § 2255 and denied, this does not necessarily demonstrate that the remedy is ineffective. Campbell v. Clark, 274 F. Supp. 556, 560 (D.Mn. 1967).

Regardless of petitioner's contentions, the action is improperly filed under the provisions of 28 U.S.C. § 2241 in this district. The issues he raises are cognizable, if at all, in the sentencing court. It is clear that this Court lacks jurisdiction of petitioner's claims. Further, he has failed to establish that the 28 U.S.C. § 2255 remedy is inadequate or ineffective to test the validity of his sentence. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date: 09/21/2012